In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-162 CR


____________________



PAUL EUGENE WAGSTAFF, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 1-A District Court 


Jasper County, Texas


Trial Cause No. 8803






MEMORANDUM OPINION


 Pursuant to a plea bargain, appellant Paul Eugene Wagstaff pled guilty to sexual
assault. On July 2, 1998, the trial court found the evidence sufficient to find Wagstaff guilty,
but deferred further proceedings, placed Wagstaff on community supervision for ten years,
and assessed a fine of $500. On November 22, 2005, the State filed a motion to revoke
Wagstaff's unadjudicated community supervision. Wagstaff pled "not true" and after a
hearing, the trial court granted the motion to adjudicate and found Wagstaff guilty of sexual
assault. At the sentencing hearing held on March 16, 2006, the trial court orally sentenced
Wagstaff to a period of confinement "not to exceed two years nor twenty years in the Texas
Department of Criminal Justice Institutional Division." On March 31, 2006, the trial court
signed the judgment stating that Wagstaff's sentence was for a term of twenty years. 

 Wagstaff appealed the trial court's judgment. His original appellate counsel filed an
Anders brief concluding that the appeal was frivolous. See Anders v. California, 386 U.S.
738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). On August 24, 2006, we granted an extension
of time for Wagstaff to file a pro se brief. Wagstaff did not file a response. Upon this
Court's review of the record, we determined that it was arguable that the trial court assessed
an indeterminate sentence. We remanded the case to the trial court for appointment of new
counsel. 

 After appointment of new appellate counsel, Wagstaff filed his brief asserting the trial
court erred in pronouncing a void sentence. In this Court's order of August 15, 2007, we
explained that we lacked jurisdiction in the absence of a valid judgment based upon a
sentence pronounced orally in Wagstaff's presence. See Thompson v. State, 108 S.W.3d 287,
290 (Tex. Crim. App. 2003). This court's August 15, 2007 order abated the appeal and
remanded the cause pursuant to Rule 44.4 of the Texas Rules of Appellate Procedure to the
trial court for sentencing in open court. The order stated the appeal would be reinstated upon
the filing of the supplemental reporter's record of the sentencing hearing. 

 On October 15, 2007, we received the supplemental reporter's record of the
sentencing hearing. The trial court orally pronounced that it sentenced Wagstaff to twenty
years in the Texas Department of Criminal Justice Institutional Division. In a letter dated
October 16, 2007, we advised the parties of our receipt of the supplemental reporter's record,
and requested that the parties inform this Court within ten days if further briefing was
necessary. We received no response from either party. Because the trial court on remand
orally pronounced a sentence of confinement for twenty years, the trial court corrected its
failure to orally pronounce a definite sentence in Wagstaff's presence. See Tex. R. App. P.
44.4. We overrule Wagstaff's issue on appeal. The trial court's judgment is affirmed.

 AFFIRMED. 

 __________________________________

 CHARLES KREGER

 Justice


Submitted on May 11, 2007

Opinion Delivered November 28, 2007

Do not publish


Before McKeithen, C.J., Kreger and Horton, JJ.